```
McGREGOR W. SCOTT
United States Attorney
KRISTIN S. DOOR, SBN 84307
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2723
```

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 2:08-2198 LKK-DAD |
| Plaintiff, ) | **JOINT STATUS REPORT AND REQUEST FOR STAY AND ORDER** |
| v. ) | |
| 2001 VOLKSWAGEN BEETLE, VIN: ) 3VWCK21CX1M459995, LICENSE NUMBER ) 5GSH636, ) | |
| ) | DATE: December 15, 2008 |
| 2003 DODGE RAM 1500 PICKUP, VIN: ) 1D7HA18D63J657709, LICENSE NUMBER ) 8B62913, AND ) | TIME: 2:00 p.m. COURTROOM: 4 |
| ASSORTED JEWELRY, ) | |
| Defendants. ) | |

   Plaintiff United States of America and claimant Miguel Vasquez submit the following Joint Status (Pretrial Scheduling) Report pursuant to the Court's September 17, 2008, order.

   (a) **Parties**: The U.S. Attorney's Office, through the undersigned counsel, represents the plaintiff United States of America.  Bruce Locke represents claimant Miguel Vasquez.

1

1       (b)  **Summary of Facts and Legal Theories**:

2       The United States alleges the defendant VW is forfeitable to
3  the United States pursuant to 21 U.S.C. § 881(a)(4) because it was
4  used to facilitate a drug transaction: to wit, it was used to
5  secrete 10 pounds of methamphetamine.  The United States also
6  alleges that the Dodge Ram and the jewelry are forfeitable pursuant
7  to 21 U.S.C. § 881(a)(6) because they were purchased with the
8  proceeds of methamphetamine trafficking.  Claimant denies these
9  allegations.

10      (c)  **Service of Process**:

11       All known potential claimants have been served with the
12 Complaint for Forfeiture <u>In</u> <u>Rem</u>, Notice of Complaint, Application
13 and Order for Publication, and Court Notices.  Accordingly, service
14 is complete.  Miguel Vasquez filed a claim to the property and an
15 Answer to the Complaint for Forfeiture <u>In</u> <u>Rem</u>.

16      In addition, notice of the forfeiture was published for 30
17 consecutive days on the official government internet site
18 ([www.forfeiture.gov](www.forfeiture.gov)) commencing on September 26, 2008, in
19 accordance with the court's September 19, 2008, Order for
20 Publication.  Proof of Publication has been filed with the Court.

21      (d)  **Possible Joinder of Additional Parties**:

22      None anticipated.

23      (e)  **Any Expected or Desired Amendment of Pleadings**:

24      None.

25      (f)  **Jurisdiction and Venue**:

26      The Court has jurisdiction in this matter pursuant to 28
27 U.S.C. §§ 1345, 1355, and 21 U.S.C. § 881.  Venue is proper in this

28                                  2

1  district pursuant to 28 U.S.C. §§ 1355(b), 1395(b) and 21 U.S.C. §
2  881(j).
3     (g) **Anticipated Motions with Suggested Law and Motion Dates**:
4
5     The government requests that this case not be scheduled at
6  this time because it is requesting a stay of further proceedings
7  for six months as explained in the following paragraph.
8     (h) **Anticipated Discovery And The Scheduling Thereof**:
9     Pursuant to 18 U.S.C. §§ 981(g)(1) and (g)(2) and 21 U.S.C. §
10 881(i) the parties suggest that a stay of further proceedings in
11 this case is necessary.  The United States contends that the
12 defendant property is the proceeds of methamphetamine trafficking
13 and was used to facilitate drug trafficking and is therefore
14 forfeitable to the United States.  The United States intends to
15 depose the claimant about the claim he filed in this case; his
16 involvement in drug trafficking; the use of the VW and the creation
17 of a secret compartment in the VW where 10 pounds of
18 methamphetamine were stored; and the source of funds used to
19 purchase the Dodge Ram and jewelry that were seized.  If discovery
20 proceeds, claimant would be placed in the difficult position of
21 either invoking his Fifth Amendment right against self-
22 incrimination and losing the ability to protect his alleged
23 interest in the defendant property, or waiving his Fifth Amendment
24 rights and submitting to depositions and potentially incriminating
25 himself in the pending criminal matter.  If claimant invokes his
26 Fifth Amendment rights, the United States will be deprived of the
27 ability to explore the factual basis for the claim he filed in this
28

3

action and the defenses raised in his Answer.

In addition, claimant will attempt to depose law enforcement officers who were involved in the drug trafficking investigation that resulted in the seizure of the defendant property. Allowing depositions of these officers would adversely affect the ability of the United States to conduct its related criminal prosecution of claimant Vasquez.

Accordingly, the parties agree that proceeding with this action at this time has potential adverse affects on the prosecution of the related criminal case and/or upon claimant's ability to prove his claim to the property and to contest the government's allegations that the property is forfeitable. For these reasons, the parties request that this matter be stayed for a period of six months. At that time the parties will advise the Court whether a further stay is necessary.

(i) **Further Proceedings, Suggested Case Schedule**:
     The parties request that the case not be scheduled at this time.

(j) **Special Proceedings**:
None.

(k) **Demand For Jury Trial**:
Claimant made a timely demand for a jury trial.

(l) **Estimate of Trial Time**:
Approximately 2 weeks.

(m) **Modification of Standard Pretrial Procedures**:
None.

//

4

1  (n) **Related Matters**:
2  This case is related to <u>U.S. v. Miguel Vasquez, et al</u>., 2:08-
3  cr-2173 LKK-DAD and seven other civil forfeiture cases.  A Notice
4  of Related Cases listing all related cases was filed on November
5  10, 2008.
6  (o) **Settlement Judge**:
7  The parties request that another judge be assigned as the
8  settlement judge.
9  (p) **Use of the Voluntary Dispute Resolution Program**:
10  Plaintiff does not believe VDRP is appropriate in this case.
11  //
12  //

5

(q) **Other matters**:

None known at this time.

DATED: November 25, 2008          McGREGOR W. SCOTT
                                  United States Attorney


                            By:   /s/ Kristin S. Door
                                  KRISTIN S. DOOR
                                  Assistant U.S. Attorney


DATED: December 1, 2008           /s/ Bruce Locke
                                  BRUCE LOCKE
                                  Attorney for claimant
                                  Miguel Vasquez


**ORDER**

For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1), 981(g)(2) and 21 U.S.C. § 881(i) for six months.  On or before June 1, 2009, the parties will advise the Court whether a further stay is necessary.

The scheduling conference scheduled for December 15, 2008, is vacated.

IT IS SO ORDERED.

Dated: December 8, 2008.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

6